FILED

DEC 18 2013

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:13-cr-316- WKW |
| | ) | [18 U.S.C. § 641; |
| DEUNDRA DEMARKO MILHOUSE, | ) | 18 U.S.C. §§ 1028A(a)(1), (c)(4), |
| | ) | (c)(5); |
| | ) | 18 U.S.C. § 1029(a)(2)); |
| | ) | 18 U.S.C. § 1343; |
| | ) | 18 U.S.C. § 981(a)(1)(C)] |
| | ) | |
| Defendant. | ) | **INDICTMENT** |

**The Grand Jury charges that:**

## INTRODUCTION

At all times relevant to this Indictment:

1.  Defendant DEUNDRA DEMARKO MILHOUSE resided in the Middle District of Alabama.

2.  A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, date of birth, or access device.

3.  A "prepaid debit card" was a card linked to an account at a financial institution, which could be used to receive deposits electronically, like a traditional bank account, and to make purchases and cash withdrawals with funds in the account, like a traditional debit card.

4.  An "access device" included a card or account number that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other

10845283.1

thing of value, or that could be used to initiate a transfer of funds. Prepaid debit cards were access devices.

5. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.

## COUNT ONE
(Access Device Fraud)

1. The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about September 25, 2013, within the Middle District of Alabama, Defendant DEUNDRA DEMARKO MILHOUSE did knowingly and with intent to defraud use an unauthorized access device, namely a prepaid debit card with an account number ending in 4613, issued in the name of "D.E.," and by such conduct, on or about September 25, 2013, did obtain a thing of value, namely, money, in the aggregate value of $1,000 or more, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT TWO
(Aggravated Identity Theft)

1. The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about September 25, 2013, within the Middle District of Alabama, Defendant DEUNDRA DEMARKO MILHOUSE did knowingly transfer, possess, and use the means of identification of another person, without lawful authority, during and in relation to the

offense described in Count One of this Indictment, that is, he knowingly transferred, possessed, and used an unauthorized access device, namely a prepaid debit card issued in the name of "D.E.," while committing access device fraud.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4).

## COUNTS THREE THROUGH FIVE
(Wire Fraud)

1. The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. From at least in or about March 2011 through in or about October 2013, within the Middle District of Alabama and elsewhere, Defendant DEUNDRA DEMARKO MILHOUSE, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals, and writings, to wit: electronically filed false tax returns.

### THE SCHEME AND ARTIFICE

3. Defendant DEUNDRA DEMARKO MILHOUSE would and did obtain and possess means of identification of other individuals, including their names and Social Security numbers, without those individuals' knowledge or consent, and would and did obtain and possess prepaid debit cards issued in the names of other individuals, also without those individuals' knowledge or consent.

4. Defendant DEUNDRA DEMARKO MILHOUSE would and did file and cause to be filed false federal income tax returns, using the means of identification of other individuals.

-3-

10845283 1

These false returns requested tax refunds and directed that the refunds be deposited into various accounts, including accounts linked to prepaid debit cards.

5.  Defendant DEUNDRA DEMARKO MILHOUSE would and did make cash withdrawals of refunds deposited into accounts, including making withdrawals with prepaid debit cards, and made purchases using proceeds of the scheme.

### THE WIRE COMMUNICATIONS

6.  On or about the date listed below, in the Middle District of Alabama and elsewhere, Defendant DEUNDRA DEMARKO MILHOUSE, for the purpose of executing the scheme and artifice to defraud, transmitted, and caused to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

| Count | Date of Offense | Wire Communication |
| --- | --- | --- |
| THREE | 9/4/2013 | Electronically Filed Tax Return for "Jo.Wr." Claiming Tax Refund in the Amount of $655 |
| FOUR | 10/3/2013 | Electronically Filed Tax Return for "E.I." Claiming Tax Refund in the Amount of $1,058 |
| FIVE | 10/3/2013 | Electronically Filed Tax Return for "T.A." Claiming Tax Refund in the Amount of $1,058 |

All in violation of Title 18, United States Code, Section 1343.

### COUNTS SIX THROUGH EIGHT
(Aggravated Identity Theft)

1.  The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.     On or before the date listed below, within the Middle District of Alabama and elsewhere, Defendant DEUNDRA DEMARKO MILHOUSE did knowingly transfer, possess, and use the means of identification of another person, without lawful authority, during and in relation to the offense in this Indictment described as a Related Count below, that is, he knowingly transferred, possessed, and used the name and Social Security number of an actual person, listed by his or her initials below, for use in the electronic filing of a false federal income tax return:

| Count | Date      | Related Count | Individual |
|-------|-----------|---------------|------------|
| SIX   | 9/4/2013  | THREE         | Jo.Wr.     |
| SEVEN | 10/3/2013 | FOUR          | E.I.       |
| EIGHT | 10/3/2013 | FIVE          | T.A.       |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

## COUNT NINE
(Theft of Public Money)

1.     The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.     On or about February 24, 2012, within the Middle District of Alabama, Defendant DEUNDRA DEMARKO MILHOUSE did steal, purloin, and knowingly convert to his own use and the use of another, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the name of "D.F.," in the amount of $1,259, which was deposited into account number xxx6816 at Guardian Federal Credit Union.

In violation of Title 18, United States Code, Section 641.

## COUNT TEN
(Theft of Public Money)

1. The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about February 29, 2012, within the Middle District of Alabama, Defendant DEUNDRA DEMARKO MILHOUSE did steal, purloin, and knowingly convert to his own use and the use of another, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the name of "Ja.Wi.," in the amount of $1,103, which was deposited into account number xxx6816 at Guardian Federal Credit Union.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts Three through Five and Counts Nine and Ten of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction for the offenses alleged in Counts Three through Five and Counts Nine and Ten, Defendant DEUNDRA DEMARKO MILHOUSE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from the proceeds said Defendant obtained directly or indirectly as a result of said offenses.

3. If any of the property subject to forfeiture, as a result of any act or omission of the Defendant,

10845283.1

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), up to the value of the forfeitable property described above.

A TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
United States Attorney

_____
Todd Brown
Assistant United States Attorney

_____
Jason Poole
Michael Boteler
Trial Attorneys
United States Department of Justice
Tax Division

-7-

10845283.1